**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael AIKEN, Defendant–Appellant.**

No. 02–3389.

United States Court of Appeals,
Sixth Circuit.

Sept. 3, 2003.

James V. Moroney, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

James D. Ingalls, Cleveland, OH, for Defendant–Appellant.

Before MERRITT, MOORE and GILMAN, Circuit Judges.

MERRITT, Circuit Judge.

In this appeal in a § 2255, title 28 case, the questions, as presented on page 3 of appellant's brief, are (1) whether the District Court erred in denying a motion to suppress a statement made during a search and (2) whether "there was insufficient evidence to make the finding of probable cause to justify seizing the appellant's computer."

■ *First,* as to the question of the admissibility of a statement made to law enforcement officials while executing the search warrant, a question briefed on pages 16–19 of the defendant Aiken's brief, we agree with the District Court that the defendant's statements to law enforcement officials were completely voluntary and not made in response to any interrogation. When a federal agent was leaving defendant's house at the conclusion of a search on April 23, 1997, the agent gave the defendant a copy of the search warrant and the search inventory. As the agent turned and walked away, the defendant said that there was "no problem" with the photographs being taken away because he had "downloaded them from the Internet." We find no error in the District Court's findings that the defendant's statement was volunteered. He was not in custody at the time or subject to interrogation. There simply is no constitutional or other evidentiary principle that would authorize the District Court to suppress this statement.

■ *Second,* we also conclude that the District Court was correct in overruling the motion to suppress the computer seized at defendant's residence in the course of the search. We agree that the computer was properly taken under the search warrant. The warrant permitted, in addition to that specifically mentioned

and described in the warrant, the seizure of any other property fraudulently acquired that turned up during the course of the search. The search warrant at paragraph 5 of Attachment B authorized the seizure of "any other items purchased with false identification and/or credit information (which are identifiable as such through physical inspection, tags, serial numbers, purchasing documents, or any other means)." The search produced a receipt for the computer on the same day as receipts for other items taken by fraud on that same day. The officers, having obtained this information during the course of their search, were entitled to infer that this item taken at the same time and same place was taken in the same way as part and parcel of the same fraudulent scheme.

Moreover, having found a number of pictures of minors engaged in explicit sexual conduct, the officers were entitled to infer that the computer was being used for this illegal purpose, i.e., the receipt and distribution of such pictures, and were entitled to seize the computer for this reason as well.

So for these reasons, and for the reasons outlined in more detail in Judge Dowd's opinion in the District Court, we conclude that the statement in question and the computer should not be suppressed.

Accordingly, the judgment of the district court is AFFIRMED.